PearsoN, J.
 

 Tbe estate of Marcellus was determinable, being subject to a limitation over to bis sisters, Martha and Prances, in tbe event of bis death without leaving a child living at tbe time of bis death.
 

 Frances died leaving Marcellus and Martha her next of bin. Marcellus sold tbe slaves to tbe defendant, who bad notice of tbe limitation over: The defendant carried the slaves to Richmond and sold them: afterwards, Marcellus died without a child. Tbe object of tbe bill is to follow tbe fund in tbe bands of tbe defendant. Tbe right to do so is settled, Hales v. Harrison, 7 Ired. Eq. 299. Cheshire v. Cheshire, 2 Ired. Eq. 569.
 

 What part of tbe fund are tbe plaintiffs entitled to? Martha, under tbe limitation over, is entitled to one-half. The defendant Terrel, the administrator of Frances, is entitled to the legal estate in tbe other half; but as be makes no suggestion of there being creditors of bis intestate, Martha, as one of tbe next of kin, is entitled to one half of this share, so she is entitled to three-fourths of tbe fund.
 

 At tbe time he sold to tbe defendant, Marcellus was entitled not only to tbe determinable estate, but also to one half of tbe share of bis sister Frances. So the defendant as as-signee of Marcellus, is entitled to one-fourth of the fund.
 

 The defendant insists, that the plaintiff cannot have a decree, because tbe personal representative of Marcellus is not a party.
 

 If the plaintiffs sought to recover tbe whole fund , and denied tbe fact of tbe assignment by Marcellus to tbe defendant, there would be some ground for tbe objection; but as they
 
 *209
 
 admit the assignment, and only ask for three-fourtbs of the fund — -being content to leave the other fourth in the hands of the defendant, there is no ground for the objection, because, by the assignment, the interest of Marcelina, as one of the next of kin of Frances, passed to the defendant — consequently, at his death, there was nothing to pass to his personal representative. "Why, then, should he be a party ? The only object for making him a party would be, to give him an opportunity to deny the. fact of the assignment — hut as to that, the parties are agreed.
 

 The defendant also insists, that the plaintiffs ought to have sued at law, and have no equity against him. If the slaves could be found, an action at law would lie, because the plaintiffs are
 
 now the legal owners ;
 
 but at the time the defendant took the slaves to Richmond, and sold them,
 
 he was the legal ovoner,
 
 and the plaintiffs had only a future contingent interest. So, as against the defendant, their only remedy is to follow the fund.
 

 The plaintiffs are entitled to a decree for three-fourths of the fund, after deducting a reasonable allowance for the expense of carrying the slaves to Richmond, and making the sale. As their equity is to follow the fund, they must be content with it, and have no right to hold the defendant responsible for the actual value; that would be treating him as a wrong-doer: Whereas, the ground of the bill is, to treat him as a trustee of a fund, in which the plaintiffs have an interest.
 

 Per Curiam. Decree accordingly.